**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ONREE NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | _____ |
| JERMAINE HICKS, DAVID CODY, | ) | |
| DAVID LEMACKS, JEROME MOORE, | ) | |
| STEPHEN PARRISH, unidentified | ) | |
| Members of the Flint Circuit Drug Task, | ) | |
| and unidentified members of the Henry | ) | |
| County Special Response Team, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES**

Defendants, along with other unidentified members of the Flint Circuit Drug Task Force and Henry County Special Response Team, raided the home of 78-year old Onree Norris located at 303 English Rd, McDonough, GA without a warrant and against clearly established law. These law enforcement officers were authorized to execute a no-knock search warrant on a neighboring residence, 305 English Rd, McDonough, GA, but thereafter expanded their search to Mr. Norris' residence. They broke in the doors, entered with guns drawn, threw Mr. Norris to the ground and placed him in handcuffs. The unlawful entry, along with the immediate seizure of Mr. Norris' person, was a blatant constitutional violation resulting in significant and lasting harm.

1



NOW COMES, Plaintiff ONREE NORRIS (hereinafter "Plaintiff" or "Mr. Norris") and hereby submits this his Original Complaint for Damages, by and through counsel, against the above-named Defendants on the following grounds:

<u>**JURISDICTION AND VENUE**</u>

**1.**

This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 1343.

**2.**

Venue in this district and division is proper under 28 U.S.C. § 1391 as some

or all of the Defendants are located in the Northern District of Georgia, Atlanta Division, and the conduct complained of herein occurred in this district and division.

## **PARTIES**

**3.**

Plaintiff is now and was at the time of all occurrences described herein, a resident of Henry County, Georgia, and at all times relevant hereto was a citizen of the United States of America entitled to all of the rights, privileges and appurtenances thereto.

**4.**

Plaintiff shows that at all times relevant hereto, that Defendant Jermaine Hicks ("Defendant Hicks"), was employed as a Police Officer with the City of McDonough Police Department and assigned as a Special Agent with the Flint Circuit Drug Task Force (hereinafter "FCDTF"), and that he is subject to the venue and jurisdiction of this court.

**5.**

Plaintiff shows that at all times relevant hereto, that Defendant David Cody ("Defendant Cody"), was employed as a Lieutenant with the Henry County Sheriff's Department and served as commander of the Henry County Special

Response Team (hereinafter "Henry SRT"), and that he is subject to the venue and jurisdiction of this court.

**6.**

Plaintiff shows that at all times relevant hereto, that Defendant David Lemacks ("Defendant Lemacks"), was employed as a Sergeant with the Henry County Police Department and assigned as a Group Supervisor with the FCDTF, and that he is subject to the venue and jurisdiction of this court.

**7.**

Plaintiff shows that at all times relevant hereto, that Defendant Jerome Moore ("Defendant Moore"), was employed as a Deputy with the Henry County Sheriff's Department and a Special Agent with the FCDTF, and that he is subject to the venue and jurisdiction of this court.

**8.**

Plaintiff shows that at all times relevant hereto, that Defendant Steven Parrish ("Defendant Parrish"), was employed as a Police Officer with the Henry County Police Department and assigned as a Special Agent with the FCDTF, and that he is subject to the venue and jurisdiction of this court.

## NATURE OF ACTION

### 9.

Plaintiff files this Original Complaint for Damages to recover for personal injuries and economic damages suffered as a result of the warrantless and unlawful entry into his home.

### 10.

Defendants' actions have deprived Plaintiff of his paramount rights and guarantees provided under the United States Constitution. To wit: the Fourth, Fifth, and Fourteenth Amendments.

### 11.

Plaintiff also files this Original Complaint for Damages to collect punitive damages from Defendants because he can prove by clear and convincing evidence that the Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

### 12.

Each and every act of Defendants alleged herein was committed by Defendants, each and every one of them, under the color of state law.

## FACTUAL ALLEGATIONS

### 13.

FCDTF members Defendants Hicks, Moore and Parrish spent a substantial amount of time investigating a suspect by the name of Gemar Watkins.  In January 2018, Defendants had information that Gemar Watkins was a drug dealer and that he had sold drugs from the residence located at 305 English Rd, McDonough, GA, 30253.   Defendants Hicks, Moore and Parrish each visited 305 English Rd. McDonough, GA, on at least one occasion, during their investigation of Gemar Watkins for surveillance and to arrange for the purchase of narcotics by a confidential informant.

### 14.

Based on information obtained during their investigation, Defendant Hicks applied for no-knock search warrant to the Henry County Magistrate Court on January 31, 2018.  In the Affidavit for Search Warrant, Defendant Hicks describes the Watkins residence in explicit detail including the residence being a one-story residence with off-white siding with a black roof and there being a black mailbox on a wooden post with the name Watkins clearly displayed.   Furthermore, the Affidavit provides turn-by-turn directions to the residence.

**15.**

The Search Warrant issued by the Magistrate Judge on January 31, 2018 restates the same detail provided by Defendant Hicks in his Affidavit for Search Warrant.

**16.**

Mr. Norris lives at 303 English Rd, McDonough, GA, which is next door to 305 English Rd, McDonough, GA.

**17.**

Mary Watkins, who formerly owned 305 English Rd., passed away seven to eight years ago.  Since that time, 305 English Rd. has fell into a state of disrepair and has apparently been used by Mrs. Watkins' grandson, Gemar Watkins, as a drug house.  Mr. Norris is not related to Gemar Watkins, does not associate with him and is not pleased with the state of the neighboring property.

**18.**

The two residences, 303 English Rd. and 305 English Rd., are easily distinguishable, have separate driveways, separate yards and numbered mailboxes. 303 English Rd. has yellow siding and a clear yard with grass.  On the other hand, 305 English Rd. has off white siding, looks run-down, and has cars and car parts strewn throughout the yard.  The residences are approximately 40 yards apart. No

reasonable officer could confuse the two homes for same residence.

**19.**

Sometime between January 31, 2018 and February 8, 2018, FCDTF agents requested the assistance of Henry SRT in executing the no-knock search warrant.

**20.**

On February 8, 2018, Defendants and other members of the FCDTF and Henry SRT met at the McDonough Police Department at around 5 p.m. to prepare for execution of the Search Warrant.   During the briefing, Defendant Jermaine Hicks made the operations plan available for review including the arrest warrant, an aerial photo of 305 English Rd., and the history and the hazards associated with the raid. Henry SRT members were further briefed that 305 English Rd. was a small dwelling with off-white siding surrounded by broken down cars.

**21.**

As the case agent, Defendant Hicks was to advise GO or NO GO and to oversee execution of the warrant. Based on the operation plans, Henry SRT was to secure the residence.   FCDTF agents would then search the residence.   Defendant Lemacks was acting as the Group Supervisor for FCDTF while Henry SRT was under the command of Defendant Cody.

**22.**

At around 6 p.m. or shortly thereafter, the group arrived at 305 English Rd. The Henry SRT transport vehicle drove into the path coming off English Rd. near Price Quarters Rd. and leading directly to 305 English Rd.  Henry SRT members and FCDTF agents exited their vehicles and began approaching 305 English Rd.

**23.**

Henry SRT members, with perimeter security from FCDTF, then ran directly down the path and secured 305 English Rd.   Upon finding 305 English Rd. to be abandoned, the group continued past 305 English Rd. towards Mr. Norris' home. The group then raided Mr. Norris' residence at 303 English Rd.

**24.**

When Henry SRT members knocked in all three doors to Mr. Norris' home simultaneously, Mr. Norris was sitting in his bedroom watching T.V.   Upon hearing the thunderous sound, he immediately moved from his chair and went into the hallway.  There he was met by men wearing military style gear pointing assault rifles at him.

**25.**

He was then thrown to the ground, told "don't you fucking move", and ordered to put his hands behind his back.  Given his physical condition, he was

unable to do so. Officers had to force his arms behind his back to handcuff him. Weapons were aimed at Mr. Norris until the handcuffs were secured.

## 26.

Mr. Norris was then taken outside to sit on the porch of his home. After questioning Mr. Norris and demanding that he sign a document, officers removed the handcuffs. Mr. Norris is illiterate and does not know the contents of the document.

## 27.

Right after officers left his home, Mr. Norris called his daughter, Barbara Moreland (hereinafter "Barbara"), to tell her what had happened. Barbara then immediately left her residence in Jonesboro heading towards Mr. Norris' home. While in route, she called her nephew and Mr. Norris' grandson, Wantez Robinson (hereinafter "Wantez"), who lives close by.  Wantez drove to Mr. Norris' home at once.

## 28.

Wantez entered along Price Quarters Rd. and onto English Rd. As he drove along English Rd., he saw the Henry SRT Team transport truck, parked in the path adjacent to 305 English Rd., McDonough, GA 30252.  As he drove around the curve on English Rd., he came upon a Sheriff's cruiser.  A deputy then stepped

into the road and stopped Wantez. Wantez told the deputy that it was important that he see his Mr. Norris because he was concerned for his well-being.

**29.**

As he drove in, officers were roaming about 305 English Rd. searching through vehicles and coming in and out of the house. Mr. Norris was by himself and in great distress when Wantez arrived.

**30.**

Seeing Mr. Norris' condition, Wantez called 911 to have an ambulance dispatched to the home.

**31.**

Barbara arrived shortly thereafter. She too noticed the Henry SRT vehicle parked in the path adjacent to 305 English Rd. and that officers were roaming about the property searching through vehicles. She was also stopped by the Deputy while traveling along English Rd.  She likewise advised that it was important that she see Onree Norris.

**32.**

Paramedics arrived at the home within 10 to 15 minutes and assessed Mr. Norris. Seeing the ambulance, Defendant Lemacks then came over to speak with Barbara.  Defendant Lemacks stated that "we made a mistake" and that they would

fix the doors.  He then provided Barbara with a copy of his business card.

### 33.

In the days that followed, Barbara and Lacristy Johnson, Mr. Norris' granddaughter, contacted the FCDTF to schedule the repairs. On February 15, 2018, deputies or officers visited Mr. Norris's residence to determine what repairs needed to be made.  On or about March 14, 2018, the repairs were completed. Defendant Cody and the Henry County Sheriff's Department arranged for the repairs to be completed.

### 35.

Mr. Norris is a 78-year old retiree who has owned his residence located at 303 English Rd., McDonough, GA 30252 for fifty years.  Mr. Norris has never been arrested and has no criminal history.

### 36.

Mr. Norris has never been involved in criminal activity and knows of Gemar Watkins simply because Gemar Watkins formerly resided next door. Defendants, nor any other law enforcement officers, had information that Mr. Norris was involved in criminal activity or that Gemar Watkins would be in his home.

**37.**

Mr. Norris has suffered physical and psychological injuries including, but not limited to, anxiety and an inability to relax or sleep.  His has sought medical treatment as a result.

**38.**

Defendant Hicks, as Case Agent, drafted a Case Log Report following execution of the search warrant. While Defendant Hicks details execution of the search warrant at 305 English Rd. including the vehicles searched and the contraband located, his report makes no mention of the unlawful entry into 303 English Rd.  Defendant Hicks is the only FCDTF agent who drafted a report related to the search.

**39.**

Incident Reports generated by Henry SRT members state that the group, including FCDTF agents, first went to 305 English Rd. But upon seeing that the structure was abandoned and dilapidated, they continued on to the yellow in color house next door, 303 English Rd.

## SUBSTANTIVE ALLEGATIONS

### COUNT ONE: UNLAWFUL SEARCH AND SEIZURE UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ENFORCED VIA 42 U.S.C. § 1983.

Against Defendants Hicks, Parrish, Moore, Lemacks and other unidentified Members of the Flint Circuit Drug Task.

**40.**

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 39 above as if fully restated.

**41.**

Defendants conduct in searching Plaintiff's home and simultaneously seizing his person without a search warrant and without probable cause, constitutes a violation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights, and is actionable pursuant to 42 U.S.C. § 1983.

**42.**

Defendants, as agents for the FCDTF, investigated the property located at 305 English Rd. and Defendant Hicks secured an arrest warrant specifically describing the appearance and location of the property.  Each of the Defendants were familiar with and had visited 305 English Rd. during their investigation of Gemar Watkins.

14

**43.**

Each of the Defendants where present when Henry SRT raided Mr. Norris'
home.  Despite being on a common radio channel with Henry SRT or moving with
the raid team, none of the Defendants advised Henry SRT members that they were
entering the wrong home. None of the Defendants attempted to stop Henry SRT
members from entering Mr. Norris' home.

**44.**

Defendants participated in the preparation of the carefully staged raid.
Further, Defendants entered Mr. Norris' home without probable and in the absence
of exigent circumstances.

**45.**

Only a plainly incompetent officer or one who was knowingly violated the
law would have entered Mr. Norris' home. And because Defendant violated clearly
established law, they are not entitled to qualified immunity.

**46.**

As a direct and proximate result of the above described conduct of
Defendant, Plaintiff's home was unreasonably and unlawfully searched without
probable cause, he was wrongfully detained and deprived of his liberty, and was
subject to physical restraint, mental suffering and emotional distress that is

expected to continue into the future for which Defendants are liable to Plaintiff in amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

**47.**

The aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard for the consequences as to authorize the imposition of punitive damages to the extent permitted by federal and state law.

**48.**

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. § 1988.

**COUNT TWO: UNLAWFUL SEARCH AND SEIZURE UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION ENFORCED VIA 42 U.S.C. § 1983.**

Against Defendant Cody and unidentified Members of the Henry County Special Response Team.

**49.**

Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs 1 through 48 above as if fully restated.

**50.**

Defendants conduct in searching, and allowing his subordinates to search, Plaintiff's home and simultaneously seizing his person without a search warrant

and without probable cause, constitutes a violation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights, and is actionable pursuant to 42 U.S.C. § 1983.

**51.**

Henry SRT members were under the command of Defendant Cody during the raid of Mr. Norris' home. Defendant Cody was present during the pre-raid briefing, and had available a copy of the search warrant and an aerial photo of 305 English Rd.

**52.**

Defendant Cody did not check to make sure Henry SRT members were going to the correct address or otherwise perform adequate precautionary measures to ensure the search warrant was properly executed. Defendant Cody's actions were not consistent with a reasonable effort to ascertain and identify the place intended to be searched.

**53.**

Defendant Cody participated in the preparation of the carefully staged raid but failed to adequately prepare his subordinates.  Defendant Cody and his subordinates had available an aerial photo of 305 English that clearly showed where the property was located.

**54.**

Defendant Cody was in radio contact with the FCDTF agents and his subordinates but did not make contact to verify the correct address was being raided.  Defendant, and his subordinates, unreasonably expanded the scope of the search to Mr. Norris home upon discovery that 305 English Rd. was abandoned.

**55.**

Only a plainly incompetent officer or one who was knowingly violated the law would have entered Mr. Norris' home. And because Defendant violated clearly established law, they are not entitled to qualified immunity.

**56.**

As a direct and proximate result of the above described conduct of Defendants, Plaintiff's home was unreasonably and unlawfully searched without probable cause, he was wrongfully detained and deprived of his liberty, and was subject to physical restraint, mental suffering and emotional distress that is expected to continue into the future for which Defendants are liable to Plaintiff in amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

**57.**

The aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard for the consequences as to authorized the imposition of punitive damages to the extent permitted by federal and state law.

**58.**

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. § 1988.

**WHEREFORE PLAINTIFF PRAYS:**

a) That judgment be entered in favor of Plaintiff and against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

b) That Plaintiff recover costs and reasonable attorney's fees;

c) That the cost of this action be taxed against Defendants;

d) That Plaintiff have a trial by jury;

e) That Plaintiff have such further relief as the Court may deem just and proper;

Respectfully submitted this  _15th_ day of May, 2018.


                                          /s/ Darryl L. Scott_____
                                          Darryl L. Scott
                                          Georgia Bar No. 635479
                                          Attorney for Plaintiff


Law Office of Darryl L. Scott, LLC
320 Corporate Center Court
Stockbridge, Georgia 30281
(770) 474-5646
Darryl@dscottlawoffice.com